THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

[Cite as *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705.]

*Criminal law — Sentencing — Nunc pro tunc — Court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence — Judgment reversed and cause remanded.*

(No. 2009-1606 — Submitted September 15, 2010 — Decided November 30, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91543, 2009-Ohio-3307.

_____

SYLLABUS OF THE COURT

A court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence.

_____

O'CONNOR, J.

{¶ 1} After appellant, Andrew Miller, was indicted on two counts of felonious assault, the state offered him the opportunity to plead guilty to a single count of aggravated assault. In discussing the plea agreement with Miller, a visiting judge informed him that the victim had requested $20,410 in restitution. Miller's attorney acknowledged that Miller was aware of the request for restitution but stated that restitution "was of concern" to Miller. Nevertheless, after consulting with counsel, Miller eventually pleaded guilty to the reduced charge. The visiting judge informed Miller that his sentence would include community control, court costs, random drug tests, and restitution. Miller stated that he understood the consequences of his guilty plea.

**{¶ 2}** Two weeks later, at the sentencing hearing, the visiting judge sentenced Miller to an 18-month suspended prison sentence, community control, and drug testing, but the judge did not impose fines. He also failed to impose restitution either orally or by journal entry.

**{¶ 3}** Almost two months later, the state moved the trial court "to convene a hearing to determine restitution." The state's motion asserted that restitution to the victim in the amount of $20,409.35 was part of the plea agreement and that it had been "inadvertently omitted from the plea and sentencing orders."

**{¶ 4}** Two months later, the trial court judge wrote on the motion, "The court, having been read the transcript of the plea proceedings by [the court reporter] is satisfied that [Miller] entered his guilty plea with full knowledge of and agreement to the restitution [amount] of $20,409.35; the court finds that the order of restitution was inadvertently omitted by the visiting judge at sentencing. The court therefore amends the sentencing entry to also include [restitution] of $20,409.35 * * *."

**{¶ 5}** Miller appealed, asserting that the trial court had "abused its discretion by entering a restitution order after the final sentencing order had been journalized." A divided court of appeals affirmed, holding that the trial court has "continued jurisdiction to correct clerical mistakes." *State v. Miller*, Cuyahoga App. No. 91543, 2009-Ohio-3307, ¶ 16. We granted discretionary review, 124 Ohio St.3d 1447, 2010-Ohio-188, 920 N.E.2d 376, and now reverse.

**Analysis**

**{¶ 6}** In holding that the trial court could impose restitution on Miller through an "amended journal entry," the court of appeals concluded that the trial court retained jurisdiction to include restitution as part of the sentence even though restitution had not been imposed at sentencing or in the sentencing entry. *Miller*, 2009-Ohio-3307, ¶ 10. It was error to do so.

**{¶ 7}** The court of appeals recognized that the trial court had failed to both advise Miller of the restitution amount at sentencing and include restitution in the original sentencing entry. Id. But the court of appeals held that the amendment was permissible. Id.

**{¶ 8}** In reaching its conclusion, the appellate court relied on *State v. Middleton*, Preble App. No. CA2004-01-003, 2005-Ohio-681. There, the trial judge had been informed, erroneously, that the burglary count against the defendant was a third-degree felony. Id. at ¶ 4. In fact, the defendant had been charged with a second-degree felony. Id. The court sentenced the defendant to four years' imprisonment. Id. The court then adjourned the sentencing hearing. Id. at ¶ 5.

**{¶ 9}** Immediately after the hearing, and while the defendant was still present, the judge was informed of the error, i.e., that the charge was burglary in the second degree for which the potential prison term was two to eight years. Id. at ¶ 4. "The court then stated on the record, while appellant was still present in the courtroom, that it was imposing seven years for the burglary count." Id. at ¶ 5.

**{¶ 10}** On appeal, Middleton argued that the trial court could not modify the sentence after it had orally announced it and had adjourned the sentencing hearing. Id. at ¶ 8. In rejecting that claim, the court of appeals held that the trial court did not "modify" an imposed sentence, because the seven-year prison sentence that Middleton challenged was the only one journalized. Id. at ¶ 9.

**{¶ 11}** In dicta, the court of appeals continued, "Nevertheless, we can find no law preventing the common pleas court from imposing the seven-year sentence once it became aware at the sentencing hearing that the burglary count was actually a second-degree felony. Crim.R. 36 states that 'errors * * * arising from oversight or omission, may be corrected by the court at any time.' In this case, the common pleas court corrected an error it had made when it initially sentenced

appellant for a third-degree felony instead of the second-degree felony of which appellant was convicted. The court's mistake was due to a clerical error in the pre-sentence investigation report. Appellant was fully aware that he had pled guilty to and was convicted of a second-degree felony. In a written waiver, appellant had previously acknowledged that the maximum penalty for the burglary charge, a second-degree felony, was eight years. We find no error by the common pleas court in immediately correcting a mistake arising from an oversight that occurred at the sentencing hearing." Id. at ¶ 10.

{¶ 12} Unlike the court of appeals in this matter, we do not find *Middleton* dispositive here. Foremost, as the court of appeals in *Middleton* observed, the axiomatic rule is that a court speaks through its journal entries. *Middleton*, 2005-Ohio-681, ¶ 9. See, e.g., *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194. Thus, in *Middleton*, there was no reversible error, because the court's journal entry was consistent with the sentence that was imposed on the appellant. That sentence was never modified, and it was upheld on that basis.

{¶ 13} But the case before us is wholly distinguishable from *Middleton*. It is not the original journal entry that is at issue here, but rather, a substantially altered one. In fact, we are presented with a journal entry that was modified several months after the visiting judge had pronounced sentence and after he had issued the journal entry memorializing that sentence. Moreover, it was modified based on the trial judge's review of transcripts of hearings in which she did not participate. Thus, *Middleton* does not control or persuade.

{¶ 14} Moreover, a trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, citing Crim.R. 36. The court of appeals in this case suggested

that the latter exception applied and that nothing more than a nunc pro tunc entry was invoked. Not so.

{¶ 15} A clerical error or mistake refers to " 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown* (2000), 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057. "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." ' " *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. The amended journal entry in this case may reflect what the trial court *should have decided* at sentencing. It does not reflect what the trial court did decide but recorded improperly. Thus, the use of the nunc pro tunc entry to impose restitution upon Miller was improper because it does not reflect the events that actually occurred at the sentencing hearing.

{¶ 16} Notably, the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment. Restitution is a financial sanction, based on a victim's economic loss, that is imposed by a judge as part of a felony sentence. See R.C. 2929.18(A)(1). See also *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, syllabus. It is not an order that is so "mechanical in nature" that its omission can be corrected as if it were a clerical mistake. *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282, 285, 623 N.E.2d 723. As the dissenting judge stated, a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing. *Miller*, 2009-Ohio-3307, ¶ 24.

Accord *Caprita v. Caprita* (1945), 145 Ohio St. 5, 30 O.O. 238, 60 N.E.2d 483, paragraph two of the syllabus (a nunc pro tunc entry corrects a judicial record that fails to show a correct order or judgment of the court because the order or judgment was not recorded properly in the first place). We agree and therefore hold that a court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence.

{¶ 17} We need go no further. The trial court improperly used a nunc pro tunc entry to impose a sanction on Miller that was not imposed by the visiting judge at sentencing. It was error to do so, and the court of appeals erred in affirming the order. We therefore reverse its decision and remand the cause to the trial court to vacate the nunc pro tunc order and the order of restitution.

Judgment reversed

and cause remanded.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

_____