[Cite as *State v. Burton*, 2012-Ohio-2412.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 11CA0031 |
| vs. | : | T.C. CASE NO. 07CR0870 |
| JUAN BURTON | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellee | : | |

· · · · · · · · ·

DECISION AND ENTRY

Rendered on the 1st day of June, 2012.

· · · · · · · · ·

Andrew Wilson, Pros. Attorney; Andrew R. Picek, Asst. Pros. Attorney, Atty. Reg. No. 0082121, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
        Attorneys for Plaintiff-Appellant

Stephen P. Hardwick, Atty. Reg. No. 0059927, Asst. Public Defender, 250 E. Broad Street, Suite 1400, Columbus, OH 43215
        Attorney for Defendant-Appellee

· · · · · · · · ·

PER CURIAM:

{¶ 1}  This matter is before the court on the State's notice of appeal and Defendant Juan L. Burton's notice of cross-appeal from an April 21, 2011 judgment of conviction resulting from Defendant's admitted violation of his community control sanctions.  We find

that the judgment is not a final order because it fails to state the fact of Defendant's conviction for violation of his community control sanctions.   Therefore, the appeal and cross-appeal will be dismissed.

{¶ 2}   In 2007, Defendant was indicted for two felony offenses: robbery, R.C. 2911.02(A)(2), and failure to comply with the order or signal of a police officer, R.C. 2921.331(B), commonly called "fleeing and eluding."   A specification attached to the fleeing and eluding charge alleged that in fleeing from a police officer after having been directed to stop his vehicle, Defendant "caused substantial risk of physical harm to persons or property." The specification raised the fleeing and eluding offense from a fourth degree felony to a third degree felony.   R.C. 2921.331(C)(5)(a).

{¶ 3}   The State dismissed the robbery charge and Defendant entered a plea of guilty to the fleeing and eluding charge in the indictment.   On January 9, 2008, the court journalized its judgment of conviction.   Notwithstanding the specification attached to the fleeing and eluding charge that raised it to a third degree felony, the judgment of conviction states that Defendant's fleeing and eluding offense was "a felony of the fourth degree."   The court sentenced Defendant to serve a five year term of community control, reserving a prison term of up to four years for a violation of Defendant's community control.

{¶ 4}   In 2010, Defendant was charged with violations of his community control sanctions.   Defendant appeared in open court and admitted his violations.   On November 18, 2010, the court journalized its judgment of conviction for those violations.   The judgment orders Defendant's "community control revoked and a prison term imposed forthwith.   For the offense of Fleeing and Eluding, a fourth degree felony, defendant shall serve a prison term

of four (4) years in the Ohio State Penitentiary . . ."

{¶ 5}   Defendant moved for a de novo sentencing, based on the court's statement in its January 9, 2008 and November 18, 2010 judgments of conviction that Defendant's fleeing and eluding offense was a fourth degree felony, for which the maximum available prison term is eighteen months.   R.C. 2929.14(A)(4).   The court granted the motion and held a hearing. A judgment of conviction for Defendant's community control violations was journalized on April 21, 2011.   The judgment states that "the Court finds that defendant entered a plea of guilty to the charge of Fleeing and Eluding, . . . a felony of the third degree . . .," and "that the defendant be sentenced to four (4) years of community control . . ."

{¶ 6}   The State filed a notice of appeal from the April 21, 2011 judgment of conviction.   Defendant filed a notice of cross-appeal.   The case is submitted on the respective errors the parties assign.

{¶ 7}   The State argues that the court's mistaken statement in the January 9, 2008 and November 18, 2010 judgments that Defendant's underlying fleeing and eluding offense was a fourth degree felony instead of a third degree felony was a clerical error and subject to correction.   *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924. However, instead of correcting the error by an entry nunc pro tunc, the court erred when it conducted de novo resentencing, imposing in its April 21, 2011 judgment a new term of community control instead of the four-year prison term the court had imposed in its prior November 21, 2010 judgment.   The State contends that the court lacked jurisdiction to thus modify its prior order, relying on *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671.

{¶ 8} Defendant takes the opposite view. He contends that by stating in his January 9, 2008 judgment of conviction that his fleeing and eluding offense was a fourth degree felony, the court could impose no term of imprisonment or more community control in excess of the maximum eighteen month sentence for a fourth degree felony. R.C. 2929.14(A)(4). That limitation for violation of community control is imposed by R.C. 2929.15(B)(2). Defendant argues that, having served more than that time for the five-year term of community control the court originally imposed, the court could take no action other than to discharge him. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶ 9} Defendant's contention lacks merit. All criminal offenses are statutory, R.C. 2901.03, as are the classification of felony offenses according to their degree of seriousness and the punishments the court may impose for them. R.C. 2929.14(A). A court is powerless to alter those classifications, notwithstanding the fact that the court speaks through its journal.

{¶ 10} Crim.R. 32(C) provides: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence." Because the degree of an offense of which a defendant is convicted is not an element of a judgment of conviction required by Crim.R. 32(C), the court's mistaken pronouncement in its judgments of January 9, 2008 and November 18, 2010 that Defendant's underlying fleeing and eluding offense was a fourth degree felony was mere surplusage that had no effect on the degree of the offense of which Defendant was convicted on his guilty plea to the charge as indicted, which is instead a third degree felony.

{¶ 11} The specification attached to the fleeing and eluding charge to which Defendant pled guilty made the offense a third degree felony. R.C. 2921.331(C) (5)(a)(ii).

"A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, Syllabus of the Court. Defendant's guilty plea was conclusive of the proposition that his fleeing and eluding offense was a third degree felony.

{¶ 12} The foregoing conclusion would ordinarily cause us to reverse and vacate the April 21, 2011 judgment of conviction the court entered following Defendant's resentencing per *Carlisle*. However, we find that we lack jurisdiction to order that relief because the judgment of April 21, 2011, as well as the prior judgment of November 18, 2010, are not final orders.

{¶ 13} Prior to the enactment of S.B.2, which became effective on July 1, 1996, courts were authorized to suspend execution of sentences of incarceration the court had imposed and place offenders on probation. Upon a finding that the probation had been violated, the court could vacate the suspension order, permitting execution of the sentence that had been imposed.

{¶ 14} Following enactment of S.B. 2, courts may not longer suspend sentences for felony offenses. That practice was replaced with a system of directly sentencing a defendant to a term of community control sanctions for felony offenses committed on or after July 1, 1996. Further, unlike the former system, S.B. 2 contemplates a conviction of a violation of community control sanctions, not execution of the sentence imposed for the underlying felony. *State v. Lawrence*, 3rd Dist. Seneca No. 13-01-01, 2001 WL 504245. R.C. 2929.15(B)(1) sets out the punishments for violations of community control sanctions that may be imposed. A prison term may be imposed, but it may not exceed the maximum for the

underlying offense or the term of which the defendant was notified when the court imposed community control. *Id.*

{¶ 15} As with any conviction, convictions for violations of community control sanctions must be memorialized by a judgment of conviction that satisfies Crim.R. 32(C). The judgment of conviction is not a final order for purposes of R.C. 2505.02 unless it sets forth "the fact of the conviction." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶ 16} The April 11, 2011 judgment of conviction from which this appeal was taken imposed a new, four-year term of community control on the court's finding "that the defendant entered a plea of guilty to the charge of Fleeing and Eluding, a violation of Revised Code Section 2921.331, a felony of the third degree as set forth in Count II of the Indictment." The reference to the underlying offense is misplaced. More importantly, no mention is made at all of the community control violation of which Defendant was therein convicted. That failure to state the fact of that conviction renders the April 11, 2011 judgment non-final. Not being a final order, we lack jurisdiction to review it.

{¶ 17} The prior November 18, 2010 judgment of conviction had imposed a four-year term of incarceration on Defendant's conviction for his admitted community control violation. The judgment states that "defendant appeared in Court with counsel and admitted he violated community control." However, the face of the judgment entry fails to state the fact of the conviction for Defendant's community control violations. The judgment of November 11, 2010 is likewise non-final for that failure, per *Lester*. Also, like the April 21, 2011 judgment of conviction, the November 18, 2010 judgment erroneously imposes a sentence "[f]or the

offense of Fleeing and Eluding," not for the community control violation.

{¶ 18} We necessarily dismiss the appeal and cross-appeal on the notices that were filed for lack of a final order. Because the November 18, 2010 and April 21, 2011 judgments are interlocutory, they remain subject to being vacated or modified by the court, in order to impose a valid final judgment of conviction for Defendant's violation of his community control sanctions pursuant to R.C. 2929.15(B).

{¶ 19} The appeal and cross-appeal are dismissed. So Ordered.

{¶ 20} Costs to be paid as stated in App.R. 24.

{¶ 21} Pursuant to Ohio App.R. 30(A), it is ordered that the Clerk of the Clark County Court of Appeals shall immediately serve notice of this judgment upon all parties and make note in the docket of the mailing.

_____
**THOMAS J. GRADY, PRESIDING JUDGE**

_____
**MARY E. DONOVAN, JUDGE**

_____
**MICHAEL T. HALL, JUDGE**

Copies mailed to:

Andrew R. Picek

Asst. Pros. Attorney
P.O. Box 1608
Springfield, OH 45501


Stephen P. Hardwick
Asst. Public Defender
250 E. Broad Street, Suite 1400
Columbus, OH 43215


Hon. Richard J. O'Neill
101 N. Limestone Street
Springfield, OH 45502