[Cite as *State v. Williams*, 2013-Ohio-4891.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-552 |
| v. | : | (C.P.C. No. 03CR-6828) |
| Robert M. Williams, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 5, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the May 29, 2013 judgment entry entered by the Franklin County Court of Common Pleas that vacated the reclassification of defendant-appellee, Robert M. Williams, under the Adam Walsh Act and reinstated his previous classification under Megan's Law. For the reasons that follow, we reverse the trial court's judgment and remand with instructions.

I. BACKGROUND

{¶ 2} On December 1, 2004, Williams was convicted of rape in violation of R.C. 2907.02, a felony of the first degree. The trial court conducted a sexual predator hearing and classified Williams as both an aggravated sexually oriented offender and a sexually

oriented offender. These classifications were made pursuant to Ohio's sex offender registration and community notification requirements, known as Megan's Law.

{¶ 3} On January 1, 2008, Megan's Law was repealed and replaced with Ohio's version of the Adam Walsh Act ("AWA"). Under this law, Williams was reclassified as a Tier III sex offender. On January 15, 2009, Williams filed a petition contesting his reclassification under the AWA. On May 29, 2013, the trial court granted his petition and vacated the reclassification. In its entry, the court reinstated "the classification of sexually oriented offender and registration orders previously in existence." (R. 166.) The trial court's entry did not reference Williams' prior classification as an aggravated sexually oriented offender.

## II.  ASSIGNMENT OF ERROR

{¶ 4} The state appealed from the trial court's May 29, 2013 judgment and assigns the following error:

> THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF THAT REINSTATED PETITIONER AS A SEXUALLY ORIENTED OFFENDER WHEN THE RECORD DEMONSTRATED THAT PETITIONER WAS AN AGGRAVATED SEXUALLY ORIENTED OFFENDER.

## III.  ANALYSIS

{¶ 5} In its sole assignment of error, the state claims the trial court erred in reclassifying Williams as a sexually oriented offender when the record demonstrated that his proper classification under Megan's Law was as an aggravated sexually oriented offender. Both parties agree that the aggravated sexually oriented offense classification and registration requirements should apply. However, Williams argues the trial court's entry did not reduce or otherwise modify his prior classification. We disagree.

{¶ 6} It is a well-settled rule that a court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12; *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 7. The trial court's entry does not specify Williams' prior classification of aggravated sexually oriented offender. Instead, the entry states Williams is classified as a sexually oriented offender. Thus, by its plain language, the entry does not reinstate Williams to his correct classification under Megan's law.

{¶ 7} In a recent case, we instructed the trial court to clarify its language in an entry reinstating a defendant's status under Megan's Law. In *King v. State*, 10th Dist. No. 11AP-1021, 2012-Ohio-2783, the heading of the trial court's entry correctly vacated the defendant's reclassification under the AWA and reinstated his previous classification under Megan's Law. The body of the trial court's entry noted that the defendant's ongoing registration requirements would be governed by the law in effect at the time of his offense. However, there were no such registration requirements in effect at the time of the crime. Therefore, we reversed and remanded the matter with instructions to journalize the fact that the defendant was subject to the registration requirements of the applicable version of Megan's Law.

{¶ 8} Here, remanding this matter to indicate Williams is classified as an aggravated sexually oriented offender in the entry is the appropriate remedy. By doing so, there will be no question about Willliams' registration and community notification requirements. In light of the foregoing, the state's assignment of error is sustained.

## IV. CONCLUSION

{¶ 9} Therefore, appellant's single assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions to reinstate appellee's prior classification and registration requirements as an aggravated sexually oriented offender.

*Judgment reversed and cause remanded.*

BROWN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____