[Cite as *State v. Thompson*, 2014-Ohio-3648.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26023 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-1483 |
| v. | : | |
| | : | |
| MATTIE THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. #0075318, Ostrowski Law Firm Co., L.P.A., 20 South Main Street, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Mattie Thompson appeals from the trial court's decision, order, and entry

sustaining the State's motion to amend the restitution included in a termination entry.

{¶ 2}    In her sole assignment of error, Thompson contends the trial court erred in modifying her termination entry to impose an omitted restitution obligation.

{¶ 3}    The record reflects that Thompson pled no contest to three theft-related charges involving two employers. Additional charges were dismissed, and Thompson agreed to pay unspecified restitution. At sentencing, the trial court ordered her to pay restitution of $21.52 to Caliber Machine and Tool (CMT), one of the employers.   (Tr. at 16). The trial court explained, "I believe everything else was covered." (*Id.*). The trial court also imposed an aggregate twelve-month prison sentence, which was reflected in a January 2013 termination entry along with the   $21.52 restitution order. (Doc. #53). Thereafter, in July 2013, the State filed a motion to amend the termination entry. (Doc. #57). It argued that Thompson had bilked her other employer, Adaptive Development Corporation (ADC), out of more than $90,000 and that roughly a $40,000 loss remained after insurance adjustments. The State argued that this information was known to the parties and was contained in the pre-sentence investigation materials. The State noted, however, that the information had not been placed in the "recommendation" portion of the PSI report. The State invoked Crim.R. 36 and requested a modified termination entry to correct this "clerical error."

{¶ 4}    On October 2, 2013, the court heard argument from the parties and received stipulated exhibits. Thereafter, it filed a November 8, 2013 decision, order, and entry sustaining the State's motion. The trial court reasoned as follows:

> On December 19, 2012, Defendant Mattie Thompson ("Defendant") pled no contest to and was found guilty of two count[s] of Theft and one count of Grand Theft involving t[w]o victims: Caliber Machine and Tool ("CMT") and

Adaptive Development Corporation ("ADC"). At the plea on December 19, 2012, the record reflects that Defendant was made aware that restitution was part of the plea agreement, and further, restitution is noted as a sanction on the plea forms filed in this case.

Defendant was sentenced on January 16, 2016 [sic]. In addition to her twelve month prison sentence, she was ordered to pay CMT restitution in the amount of $21.52. Restitution to ADC was not mentioned, the Termination Entry only states restitution to CMT. The pre-sentence investigation report used by this Court at sentencing had an exhibit attached that indicated the amount of restitution owed to ADC. The investigator, however, omitted that amount and any mention of ADC in the recommendation section of the PSI report, which is the paragraph read by the Court during sentencing. Thus, the Termination Entry did not reflect the restitution due to ADC. The State requests that this Court amend the Termination Entry to do so.

Defendant rightly argues that generally this Court lacks jurisdiction over a case once the Termination Entry is filed. Ohio Crim.R. 36, however, permits a court to correct a clerical error on the Termination Entry. In this case, the paperwork and restitution information were properly in front of the Court during sentencing. The omission of that information from the PSI recommendation and, as a result from the Termination Entry, is a clerical error that may be corrected under Ohio Crim.R. 36.

Based on the evidence set forth at the hearing on October 2, 2013, the

Court finds that, in addition to the restitution owed to CMT, the amount of restitution due to ADC equals $90,109.60. The Court hereby offsets this amount by the $50,000 payment received by ADC from its insurance carrier. Accordingly, Defendant is hereby ordered to pay restitution to ADC in the amount of $40,109.60. *The State is hereby ordered to submit an Amended Termination Entry reflecting such amount to this Court within five (5) days of the date hereof.*

(Emphasis added) (Doc. #70 at 1-2).

{¶ 5}    Thompson filed a delayed appeal on December 11, 2013.[1] She argues that the trial court engaged in an improper use of the nunc pro tunc process. For its part, the State contends the trial court properly relied on Crim.R. 36 to correct a "mere oversight."

{¶ 6}    Upon review, we have doubts about whether the trial court's post-judgment ruling constitutes a nunc pro tunc termination entry as argued by Appellant. Nor do we believe that a nunc pro tunc entry would be permitted to rectify the omission. The Ohio Supreme Court addressed the issue of imposing restitution through the nunc pro tunc process in *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, reasoning:

A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" The amended journal entry in this case

[1] On January 13, 2014, we    accepted the appeal, sustaining a motion Thompson had filed for leave to pursue a delayed appeal.

may reflect what the trial court *should have decided* at sentencing. It does not reflect what the trial court did decide but recorded improperly. Thus, the use of the nunc pro tunc entry to impose restitution upon Miller was improper because it does not reflect the events that actually occurred at the sentencing hearing.

Notably, the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment. Restitution is a financial sanction, based on a victim's economic loss, that is imposed by a judge as part of a felony sentence. It is not an order that is so "mechanical in nature" that its omission can be corrected as if it were a clerical mistake. As the dissenting judge stated, a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing. We agree and therefore hold that a court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence.

(Citations omitted) *Id.* at ¶ 15-16.

**{¶ 7}** The State urges us to distinguish *Miller* and argues that the trial court's action was authorized by Crim. R. 36. We note only that because the trial court did not impose a $40,109.60 restitution obligation with regard to ADC at sentencing, we have serious reservations about its ability to do so through a nunc pro tunc amended termination entry, if that is how the ruling is characterized.

{¶ 8}    Nevertheless, we express no opinion whether Crim. R. 36  or any other vehicle is available to correct the omission because we do not have before us a final appealable order. At no time prior to or after the filing of Thompson's notice of appeal did the State submit, or did the trial court file, an amended termination entry. Thompson's appeal itself is from the trial court's ruling on the State's motion to amend the termination entry. The ruling expressly contemplated a subsequent entry.  Because no amended judgment of conviction was ever filed (and the trial court's ruling on the State's motion does not even purport to be such a judgment), no appealable order exists.[2] Accordingly, the present appeal must be dismissed.

{¶ 9}    It is so ordered.

. . . . . . . . . . . . .


FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Andrea G. Ostrowski
Hon. Barbara P. Gorman

---

[2]    We considered the possibility that the trial court's ruling on the State's motion itself might qualify as an appealable "judgment of conviction" even though the trial court expressly contemplated a subsequent filing. But it does not. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011– Ohio–5204, 958 N.E.2d 142, paragraph one of the syllabus. Here the trial court's ruling on the State's motion for an amended termination entry fails to recite Thompson's sentence on each of the three counts of conviction. It notes only that she received an aggregate twelve-month prison term.