[Cite as *State v. Kibble*, 2017-Ohio-2978.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104136**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROMEO KIBBLE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595318-E

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 25, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:   Noelle A. Powell
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Ryan J. Bokoch
         Yasmine M. Hasan
Assistant Prosecuting Attorneys
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Romeo Kibble appeals his sentences following his guilty pleas in the Cuyahoga County Court of Common Pleas to eight counts of aggravated robbery, 18 counts of kidnapping, improperly handling a firearm in a motor vehicle, carrying a concealed weapon and possessing criminal tools. For the following reasons, we affirm in part, and reverse in part.

**Facts and Procedural Background**

{¶2} Kibble was involved in a string of robbery and kidnapping offenses in which eight separate defendants, including his brother Rodney Kibble, were charged. He pled to the above offenses on September 16, 2015. At sentencing, the trial court merged as allied offenses the kidnappings associated with the various aggravated robbery offenses and the state elected that Kibble be sentenced on the aggravated robberies. The trial court imposed seven-year prison terms on each count of aggravated robbery and each count of kidnapping that was not merged as an allied offense. The court also imposed prison terms of 18 months for Kibble's improperly handling firearms in a motor vehicle and carrying a concealed weapons charges and 12 months for his possessing criminal tools charge. The court ordered the prison terms for these offenses to be served concurrently to each other but consecutive to two of the 3-year firearm specifications attached to his aggravated robbery and kidnapping counts. Pursuant to R.C. 2929.14(B)(1)(g) the court was required to run the first two firearm specifications consecutive to each other for a six-year prison term. All remaining firearm specifications were order to be served concurrently. Kibble's aggregate prison sentence was 13 years. The trial court also

ordered Kibble to pay restitution in the amounts of $400 for an iPhone, $1,000 to Sun Valley and $100 to the United Dairy Farmers.

**Law and Analysis**

**I. Sentence Consistency**

{¶3} In his first assignment of error, Kibble argues that his sentence is inconsistent with the sentence of one of his codefendants, Michael Bates, in that they both received cumulative prison terms of 13 years despite Kibble's belief that he deserved a lesser sentence than Bates due to his cooperation with law enforcement after his arrest.

{¶4} Pursuant to R.C. 2929.11(B) a sentence imposed for a felony shall be "consistent with sentences imposed for similar crimes committed by similar offenders." Pursuant to this court's decision in *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290 and 103302, 2016-Ohio-7702, an appellate court can reverse a felony sentence if it finds by clear and convincing evidence that the record does not support the sentence consistent with principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *Id*. at ¶ 108, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Sentences found to be inconsistent with R.C. 2929.11 and 2929.12 by clear and convincing evidence on the record are "contrary to law" for the purposes of R.C. 2953.08(A)(4). *Id*. at ¶ 108. The clear and convincing standard is not to be confused with an "abuse of discretion" standard that was explicitly rejected by the legislature when it amended R.C. 2953.08(G) in 2000.[1] Under the clear and convincing standard, an appellate court is not to reverse a sentence

---

[1] *See* 1999 Ohio H.B. 331, effective October 10, 2000.

merely because it disagrees with the discretion exercised by the trial court. Instead, reversals are limited to only the egregious instances where the record demonstrates by clear and convincing evidence that the trial court's sentence contradicts the mandates of the relevant sentencing statutes. *Marcum* at ¶ 23.

{¶5} In this instance Kibble's two consecutive terms stemming from his three-year firearm specifications were mandated by R.C. 2929.14(B)(1)(g). Like Kibble, Bates received a six-year prison term for two consecutive three-year firearm specifications. Reducing Kibble's argument to the relevant aspect of his sentencing, he complains that he received the seven-year prison sentence for aggravated robbery that Bates received for the same offense. Kibble believes this is inconsistent because he was not properly credited for cooperating with police after he was arrested.

{¶6} It is not the responsibility of the court to provide consideration to a defendant who has cooperated with law enforcement officers nor should it be expected by any party. The primary responsibility of the judiciary is to fairly and impartially settle disputes according to the law. Should the state be of the opinion that an individual has provided valuable information and seeks to reward him/her for their cooperation, the consideration should be offered by the state as it relates to the plea offer presented.

{¶7} Furthermore, the record reflects that Bates also cooperated by admitting his culpability to police when he was interviewed. The trial court was free to weigh the cooperation of the two defendants in selecting an appropriate sentence. To the extent that Kibble's cooperation was arguably greater than Bates's, the trial court explained in detail why Kibble did not receive a more lenient sentence:

I do find, however, that you fall within the range of more serious offenders based on your conduct because, for the record, even though you don't have any significant prior criminal history, the amount of robberies that occurred in this amount of time is incredibly disturbing to the Court, but I want you to know that the one thing that took you out of the low range is that they were committed a month essentially apart. So you participated in one, and then you committed two more days worth of robberies. You had time to think about it, from my perspective, and you had time to either say to yourself, "Wow, I can't believe that that just happened and I'm never, ever going to do that again," but instead, you jumped right on that train and you kept going and that's what puts you into the place that you're in now.

{¶8} We cannot say this is the egregious case where the record demonstrates by clear and convincing evidence that the trial court's sentence was inconsistent with R.C. 2929.11.

{¶9} Kibble's first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

{¶10} In his second assignment of error, Kibble argues that he was denied effective assistance of counsel at sentencing.

{¶11} Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 2000-Ohio-166, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. See *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different.

*State v. White*, 82 Ohio St.3d 16, 23, 1998 Ohio 363, 693 N.E.2d 772 (1998).

**{¶12}** First, Kibble argues that his counsel was ineffective for failing to correct a misstatement in the state's sentencing memorandum. The memo incorrectly listed Kibble as a defendant in the paragraph describing the incident that resulted in counts two through eight of the indictment despite the fact that Kibble was not charged in those offenses and did not enter a guily plea in relation to that incident. We find no prejudice in Kibble's attorney failing to correct this error. Kibble was not sentenced on counts two through eight. Furthermore, the court indicated that it had closely examined the incidents in this case and the conduct of Kibble. Although Kibble's name was incorrectly listed as a defendant regarding the incident in counts two through eight, the paragraph immediately thereafter, which described in detail the conduct involved in the offenses, described only the actions of defendants, Dorian Brodersen and Rodney Kibble. We find no prejudice under these circumstances.

**{¶13}** Second, Kibble argues that his counsel failed to highlight certain mitigating factors in his presentence investigation report. We find no prejudice to Kibble, however, because the trial court stated that it reviewed the presentence investigation report. Kibble also faults his counsel for not having members of his family speak at his sentencing. The record reflects that Kibble's family spoke at the sentencing hearing for his brother Rodney, they wished to incorporate the same sentiments previously expressed in favor of Rodney for Romeo and the trial court recalled their prior statements. Again, we can find no prejudice on this record.

**{¶14}** Kibble's second assignment of error is overruled.

### III. Restitution

**{¶15}** In his supplemental assignment of error, Kibble argues that the trial court erred in ordering him to pay $1,100.00 in restitution to Game Stop despite failing to impose such restitution at his sentencing hearing.   The state concedes this error.

**{¶16}** Kibble's third assignment of error is sustained.

**{¶17}** The judgment of the trial court is affirmed, in part, and reversed, in part. Pursuant to *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, we remand the cause to the trial court to vacate the order of restitution relating to Game Stop.

**{¶18}** This cause is affirmed in part and reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.                    It    is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence and to vacate the restitution order.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR