[Cite as *State v. Cisco*, 2022-Ohio-74.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110687 |
| v. | : | |
| KEVIN R. CISCO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 13, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653850-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Kilbane McNally, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Kevin Cisco appeals from the trial court's July 15, 2021 journal entry that purported to amend the previously imposed sentence. Appellant had been sentenced to a community control sanction on

June 10, 2021, and the trial court later filed a journal entry purporting to inform him of the potential prison sentence he faced upon violation of the community control sanction. Because the trial court was without jurisdiction to amend the sentence imposed on June 10, 2021, we remand this matter to the trial court with instructions to vacate the July 15, 2021 entry.

{¶ 2} Appellant pleaded guilty to one count of attempted assault in violation of R.C. 2923.02 and 2903.11. After a sentencing hearing on June 10, 2021, the trial court journalized its imposition of a community control sanction on June 15, 2021. A month later, on July 15, 2021, the trial court journalized an entry reading, "In addition to the entry dated 6/10/2021, if Defendant violates probation, he may be subject to the maximum sentence."

{¶ 3} Appellant complains in his sole assignment of error that the trial court erred by entering the July 15, 2021 order because it was not a nunc pro tunc order, it added a term or condition to the previously imposed sentence, and it did not provide adequate notice to appellant and could not be used to later impose a prison sentence upon a violation of community control violations. The state filed a notice of conceded error pursuant to Loc.App.R. 16(B).

{¶ 4} When imposing a community control sanction for a felony offense, the trial court is required to inform appellant of a specific term of imprisonment that it may impose if a defendant violates a condition of the community control sanction. *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph

two of the syllabus. Such notice is a prerequisite to the court's ability to impose any prison sentence for a violation of a community control sanction. *Id.*

{¶ 5} On its face, the trial court's July 15, 2021 order is an attempt to provide notice to appellant of the consequences of his failure to abide by the terms of the community control sanction imposed. Our review of the transcript of the sentencing hearing reveals that the trial court did not inform appellant of any term of imprisonment it could impose if appellant violated the terms of the community control sanction. Accordingly, the July 15, 2021 entry served as an attempt to amend the sentence imposed; it is not cognizable as a nunc pro tunc entry.

{¶ 6} A trial court has, with few exceptions, no authority to reconsider and amend a final judgment in a criminal case. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 14. The exceptions noted in *Miller* do not encompass the trial court's July 15, 2021 journal entry. Accordingly appellant's assignment of error is sustained.

{¶ 7} This matter is remanded to the trial court in order to vacate the July 15, 2021 journal entry.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR