[Cite as *State v. Robinson*, 2024-Ohio-847.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-230394 |
| | | | C-230395 |
| Plaintiff-Appellee, | : | TRIAL NOS. | 23TRD-10908A |
| | | | 23TRD-10908B |
| vs. | : | | 23CRB-4828B |
| SHAVEZ ROBINSON, | : | *O P I N I O N.* | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed In Part, Reversed In Part, and Cause Remanded

Date of Judgment Entry on Appeal: March 8, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Victoria Gooder*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Two police officers filling out paperwork in their idled cruiser shifted their attention to the sound of an accident occurring nearby. Perhaps to their surprise, the offending driver pulled into their lot and right up next to their cruiser, just a few feet away. The driver, equally surprised to find the police adjacent to him, sped off, and officers briefly pursued and later ticketed the registered owner upon tracking down the car. At a bench trial, the trial court convicted the owner and apparent offending driver, defendant-appellant Shavez Robinson, of various traffic offenses and of failing to comply with police directives. No qualms there—the evidence supported its conclusion, and we accordingly reject Mr. Robinson's weight and sufficiency arguments. But when sentencing Mr. Robinson shortly thereafter, the court sentenced him to "$100 in costs" each for two of his convictions. Because these announced penalties differ from the $100 fines and $110 court costs reflected on the docket for those two convictions, we must reverse those sentences and remand the cause for resentencing.

I.

{¶2} In March 2023, a driver waiting to turn left at an intersection was struck on the passenger side by a Nissan vehicle. She observed details about the vehicle but could not see the offending driver before he drove away from the intersection. By chance, two officers sitting in their cruiser in a nearby lot, heard the crash, and saw the immediate aftermath. The offending driver, seemingly unaware of the police cruiser, pulled up next to it, less than ten feet away from the officers. Apparently surprised, he sped away after about a couple of seconds, fleeing from the officers as they activated their lights and briefly pursued him. As he sped away, they observed

2

him accelerate past vehicles at a high rate of speed, crossing a double yellow line into a two-way, center turn lane and back into the right lane.

{¶3}   After calling off the pursuit for safety concerns, officers from another department discovered the Nissan in a residential lot, and the pursuing officers issued traffic warrants to the registered owner, Mr. Robinson.  They impounded the vehicle and conducted an inventory search, discovering a scale with a powdery residue that later tested as cocaine.  Officers also located a McDonald's bag with Mr. Robinson's name on an attached receipt from earlier on the day of the collision.  The state charged him with possession of drug paraphernalia, in violation of R.C. 2925.14, driving left of center of roadway, in violation of R.C. 4511.29, failing to stop after an accident, in violation of R.C. 4549.02(A)(1), and failing to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B).

{¶4}   At trial, the main issue was Mr. Robinson's identity as the offending driver.  In his defense, he testified that his girlfriend drove him around that day because he was under a driver's license suspension.  He embellished the story on cross-examination, insisting that the vehicle was stolen and that neither he nor his girlfriend were driving the car at the time of the collision.

{¶5}   One of the pursuing officers testified that he could see the driver's silhouette when the Nissan pulled up next to the cruiser.  After comparing what he saw to the BMV photo of the registered owner, Mr. Robinson, the officer concluded it was him due to similarities in hair, nose, and cheek alignment and was "very confident" about the driver's identity.  The second officer testified that she had a "pretty positive I.D." of the driver after observing him for "almost a few seconds" and comparing what

she saw to the BMV photo. She observed the driver's "dreads" and said "the [driver's] facial features looked very similar to" the photo of Mr. Robinson.

{¶6} The trial court ultimately found Mr. Robinson guilty of the driving left of center, failure to stop, and failure to comply charges, and granted a Crim.R. 29 motion for an acquittal on the drug charge. It proceeded immediately to sentencing, first ordering Mr. Robinson to pay the victim driver's $500 insurance deductible, which he paid in cash on the spot. Mr. Robinson admitted his guilt, and the trial court orally sentenced him on his three convictions.

{¶7} On appeal, Mr. Robinson challenges the sentences for his failure to stop and failure to comply convictions as contrary to law because the trial court announced different sentences at the hearing than those reflected on the docket. According to the sentencing transcript, for failure to stop after an accident, it sentenced him to "180 days in jail, 90 suspended, 90 days of home incarceration, $100 in costs, a year probation, pay probation, Corrective Thinking and Remedial Driving." And for failure to comply, "180 days, suspend those days consecutive, $100 in costs, a year probation, pay probation with the same conditions."

{¶8} Despite the transcript stating "$100 in costs" on each of those two convictions, the docket shows Mr. Robinson was subjected to a $100 fine and $110 in court costs for the failure to stop conviction and another $100 fine and $110 in court costs for the failure to comply conviction. The trial court's handwritten sentence entry forms are difficult to decipher and do not clarify the situation, stating "100 & C" for both convictions with no mention of a fine. In addition to Mr. Robinson's challenge to these sentences, he claims his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.

4

II.

{¶9} We first consider Mr. Robinson's convictions for sufficiency and manifest weight before addressing the apparent disparity between his actual sentences and what the trial court announced to him at the sentencing hearing.

A.

{¶10} In his first assignment of error, Mr. Robinson maintains that the state failed to prove his identity as the offending driver and failed to establish the conditions that would make it unsafe for him to pass vehicles by using the center lane under R.C. 4511.29(A). He raises both arguments in terms of sufficiency and manifest weight.

{¶11} When assessing whether a conviction is sufficiently supported by the evidence, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. And " '[w]here reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgment for that of the factfinder.' " (Emphasis deleted.) *State v. Shabazz*, 146 Ohio St.3d 404, 2016-Ohio-1055, 57 N.E.3d 1119, ¶ 20, quoting *Jenks* at 279.

{¶12} Both officers who observed the offending driver testified at trial that they at least glimpsed him when he pulled up next to them after the accident. One officer testified that, comparing the details he observed to Mr. Robinson's BMV photo, he was "very confident" the driver was Mr. Robinson; the other made a "pretty positive

5

I.D." of him. Construing this evidence in a light most favorable to the state, a rational trier of fact could have concluded the driver was Mr. Robinson.

{¶13} Likewise, the trial court heard sufficient evidence to conclude Mr. Robinson committed a left of center violation under R.C. 4511.29(A). That statute prohibits crossing over the center of a roadway, except under certain conditions and so long as the driver can do so "without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken." R.C. 4511.29(A). The trial court heard testimony about the driver accelerating rapidly past other cars while fleeing from police and weaving between two lanes while crossing over a double yellow line. Under those circumstances, a rational trier of fact could conclude that Mr. Robinson drove left of center into a lane with the potential for oncoming traffic and did so unsafely. We therefore conclude his convictions were supported by sufficient evidence.

{¶14} Next, in reviewing whether Mr. Robinson's convictions run counter to the manifest weight of the evidence, the court sits as a " 'thirteenth juror,' " reviewing the evidence, the credibility of witnesses, and the entire record. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, the court will reverse the judgment only if the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶15} The trial court did not lose its way in convicting Mr. Robinson of driving left of center, failing to stop after an accident, and failing to comply with an officer's signal. Although the officers only observed the offending driver for up to "a few

seconds," he failed to present evidence regarding who else might have been driving his vehicle. Testifying on cross-examination that the vehicle was stolen, he offered no explanation of how or when that occurred or who might have stolen it (and whether that person might have resembled him, contributing to the alleged mix-up). He also claimed he was at work at the time of the collision but presented no evidence to back that up. Considering all the relevant evidence, we conclude Mr. Robinson's convictions did not run counter to the manifest weight of the evidence.

{¶16} We therefore overrule Mr. Robinson's first assignment of error and affirm the judgment of the trial court convicting him of driving left of center, in violation of R.C. 4511.29. We affirm in part the trial court's judgments convicting him of failing to stop after an accident, in violation of R.C. 4549.02(A)(1), and failing to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B).

B.

{¶17} Turning to Mr. Robinson's sentences, the state agrees with him that, pursuant to Crim.R. 43, "a trial court's sentence is contrary to law when it imposes a sentence in the sentencing entry different from the sentence announced at the sentencing hearing." *See State v. Jackson*, 1st Dist. Hamilton No. C-140178, 2014-Ohio-5008, ¶ 22, citing *State v. Railey*, 2012-Ohio-4233, 977 N.E.2d 703, ¶ 21 (1st Dist.); Crim.R. 43(A)(1) (requiring the defendant's presence "at every stage of the criminal proceeding and trial"). However, it maintains there is no such disparity and that Mr. Robinson's appeal regarding his sentences for failure to stop and failure to comply is essentially much ado about nothing.

{¶18} To state the obvious, the trial transcript does not match the sentencing entries and docket for his sentences on those two convictions. Sentencing Mr.

Robinson to "$100 in costs" for each conviction, as the transcript says, cannot reasonably, at least on its face, be read as equating to the sentences that he actually received: $100 in fines and $110 in court costs for each. Perhaps the trial court stated, or meant to state, "$100 *and* costs," which might better support the state's position. But the state only makes that point in reference to the sentencing entry forms, which state "100 & C," and it does not assert that the trial court misspoke or that the court reporter transcribed the wrong word. Simply put, what Mr. Robinson was told, at least as the transcript reveals it, differed from what he received.

{¶19} The state tries to salvage his sentences by advancing two arguments relying on inference. First, because the trial court did not waive the fines at the hearing, it insists that Mr. Robinson is wrong to assert he did not receive a fine. But the state never explains why the failure to explicitly waive the fines would matter. The sentencing transcript shows the trial court never used the term "fine" or any similar term; why should Mr. Robinson assume that he received a fine when the trial court never said anything about it?

{¶20} Second, and more logically, the state asserts that court costs are mandatory under R.C. 2947.23 and are fixed at $110 under the trial court's local rules. *See* Hamilton County Municipal Court Local Rule 10.02. But even so, the court has the power to waive, suspend, or modify the payment of such costs. R.C. 2947.23(C); *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 7. Therefore, the fixed $110 local court costs amount does not preclude the trial court from modifying that amount, as a plain reading of "$100 in costs" might suggest.

{¶21} We are therefore convinced that the sentences Mr. Robinson received for his failure to stop and failure to comply convictions differed from the ones

8

announced at sentencing, and they are thus contrary to law. *See Jackson*, 1st Dist. Hamilton No. C-140178, 2014-Ohio-5008, at ¶ 22; *see* Crim.R. 43(A)(1). And because the disparities concern whether Mr. Robinson received certain financial sanctions, and in what amounts, the error concerns substantive legal decisions that cannot be corrected nunc pro tunc as clerical errors. *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16 (holding a disparity in whether restitution was ordered cannot be corrected nunc pro tunc).

{¶22} Instead, Mr. Robinson asks this court to modify the sentence below, imposing $100 in court costs, and no fines, for each of the two convictions, bringing the actual sentence in conformity with what the transcript reflects. But the sentences reflected on the docket suggest that the trial court might not have intended to impose just $100 in court costs and no fines on each case. And our concern on appeal is with what Mr. Robinson was told at the hearing, not with the sentences that he received. Rather than dictating a new sentence from above by choosing between the transcript and the docket, we remand the cause for the trial court to clearly notify Mr. Robinson of the sentences it intended to impose. We accordingly sustain his second assignment of error, reverse Mr. Robinson's sentences for failure to stop after an accident, in violation of R.C. 4549.02(A)(1), and failure to comply, in violation of R.C. 2921.331(B), and remand the cause for resentencing on those two charges. Mr. Robinson does not challenge his sentence on the left of center violation, and we affirm the trial court's judgment on that sentence only.

\*　　\*　　\*

{¶23} Concluding that Mr. Robinson's convictions for driving left of center, failing to stop after an accident, and failing to comply with an officer's signal were

9

supported by sufficient evidence and were not against the manifest weight of the evidence, we overrule his first assignment of error. Because his sentences on the failure to stop and failure to comply convictions differed from the sentences on those convictions announced at his sentencing hearing, we sustain his second assignment of error, reverse those two sentences, and remand for resentencing on those two charges.

Judgments affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.