[Cite as *State v. Whipple*, 2017-Ohio-1094.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2016-06-036 |
| | : | O P I N I O N |
| - vs - | | 3/27/2017 |
| | : | |
| SHELDON A. WHIPPLE, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CR-00067

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Clermont County Court of Common Pleas granting the motion to suppress evidence filed by defendant-appellee, Sheldon A. Whipple. For the reasons that follow, we reverse the decision of the trial court.

{¶ 2} On October 23, 2015, Greg Johnson, a loss prevention supervisor at the Meijer

store in Miami Township, Clermont County, observed a store patron, later identified as Whipple, wearing a green backpack, select a belt valued at $14.99 from the shelf, place it around his waist, and then, proceed to exit the store without paying for the item. Johnson reported the theft to police while he continued observing Whipple, who walked to the middle of the parking lot to talk to another male at a cart corral. Miami Township Police Officer Matthew Davila responded to the theft. Police dispatch informed him that the suspect was a white male with a green backpack who exited the store and was standing next to a cart corral speaking with another male. When Officer Davila entered the parking lot in his police cruiser, he observed Johnson and the white male wearing a green backpack.

{¶ 3} Officer Davila parked near the cart corral, exited his cruiser and made contact with Whipple. Officer Davila placed Whipple in handcuffs and advised him of his rights. During this time, Johnson approached Officer Davila and identified Whipple as the suspect. Johnson further informed Officer Davila that Whipple was currently wearing the stolen belt. Therefore, Officer Davila lifted up Whipple's shirt and observed the belt around Whipple's waist with the price tags still attached. Officer Davila removed the belt and returned it to Johnson, and then, proceeded to search Whipple and his green backpack, for his and Whipple's safety as well as to see if there was any other stolen merchandise on Whipple's person.

{¶ 4} Officer Davila found a cigarette pack inside the green backpack that contained a folded piece of aluminum foil with a white powdery substance inside of the foil. Based on his training and experience, Officer Davila believed this substance to be some kind of narcotic.

{¶ 5} Based on these events, the Clermont County Grand Jury returned a two-count indictment charging Whipple with theft and aggravated possession of drugs. Whipple filed a motion to suppress evidence challenging the warrantless search conducted by Officer Davila

- 2 -

of Whipple's person and property based on the United States and Ohio Constitutions. After a hearing on the matter, the trial court issued a decision finding Officer Davila had probable cause to arrest Whipple which supported the search of Whipple's person. However, the trial court suppressed evidence found as a result of Officer Davila's search of Whipple's green backpack because it was not within his immediate control, and thus, did not fall within the search incident to an arrest exception.

{¶ 6} The state appeals the decision of the trial court raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT DID NOT RELY ON COMPETENT, CREDIBLE EVIDENCE TO SUPPORT ITS DECISION AND AS SUCH, IT ERRED IN SUPPRESSING THE EVIDENCE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT INCORRECTLY APPLIED THE FOURTH AMENDMENT, ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION, AND ARIZONA V. GANT, 556 U.S. 332, 129 S.CT. 1710 (2009), TO THE FACTS OF THIS CASE AND THEREFORE ERRED IN SUPPRESSING THE EVIDENCE.

{¶ 11} We first address the state's second assignment of error, in which the state contends the trial court improperly granted Whipple's motion to suppress the evidence found inside the green backpack. The state argues the warrantless search of the backpack was a valid search incident to Whipple's arrest because Whipple had the backpack under his immediate control at the time of the arrest. Whipple concedes that he was in possession of the backpack at the time Officer Davila approached him. Whipple further concedes that the backpack was within his immediate control at such time. However, Whipple asserts the trial court properly suppressed the evidence because he was handcuffed during the search and

the backpack "was at least a few feet away from him" *during* the arrest. Whipple further argues that if the search was permissible, Officer Davila exceeded the scope allowed under the exception by continuing to search the cigarette pack found within the backpack because the search of the backpack revealed the absence of any weapons or additional stolen merchandise.

{¶ 12} Therefore, the questions presented are: (1) at what point must the item searched incident to an arrest be within the arrestee's immediate control, and (2) if the exception is applicable, what is the permissible scope of the search.

{¶ 13} When considering a motion to suppress, the trial court assumes the role of the trier of fact; therefore, it is in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, when reviewing a trial court's decision on a motion to suppress, we accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Henderson*, 12th Dist. Warren Nos. CA2002-08-075 and CA2002-08-076, 2003-Ohio-1617, ¶ 10. However, we review de novo whether the trial court's conclusions of law – based on those findings of fact – are correct. *Id.*

{¶ 14} The Fourth Amendment to the United States Constitution provides protection against unreasonable searches and seizures.[1] It is well-established that warrantless searches are per se unreasonable subject to certain exceptions. *Smith* at ¶ 10. In this case, the state relies on the search incident to arrest exception, which permits officers to conduct a search of an arrestee's person and the area within the arrestee's immediate control. *Id.* at ¶

---

1. We note the language of Section 14, Article I of the Ohio Constitution is virtually identical to the language of the Fourth Amendment; therefore, the Supreme Court of Ohio has accordingly interpreted Section 14, Article I of the Ohio Constitution as affording the same protection as the Fourth Amendment in felony cases. *Accord State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, ¶ 10, fn. 1. Additionally, an officer may arrest and detain persons where a misdemeanor offense has been committed in the officer's presence. *State v. Matthews*, 46 Ohio St.2d 72, 75-76 (1976).

11, citing *Chimel v. California*, 395 U.S. 752, 762-63, 89 S.Ct. 2034 (1969). This exception "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S.Ct. 1710 (2009), citing *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467 (1973). Searches need not necessarily be conducted at the moment of the arrest so long as the interests in officer safety and evidence preservation are still present. *Smith* at ¶ 12, citing *United States v. Chadwick*, 433 U.S. 1, 15, 97 S.Ct. 2476 (1977), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982 (1991); *United States v. Edwards*, 415 U.S. 800, 803, 94 S.Ct. 1234 (1974).

{¶ 15} We preliminarily note that in order for a search to be conducted pursuant to the search incident to arrest exception, the underlying arrest must be lawful. *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 24, citing *Chimel* at 753. In turn, for an arrest to be lawful, it must be based on probable cause, which is defined as "'whether at that moment the facts and circumstances within [the arresting officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense.'" *State v. Washington*, 10th Franklin No. 00AP-663, 2001 Ohio App. LEXIS 1925, *7 (May 1, 2001), quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223 (1964). In this case, the trial court found Officer Davila had probable cause to place Whipple under arrest. After a thorough review of the record, we agree with the trial court's finding. The information Johnson provided is reliable and trustworthy, as he witnessed the theft occur and such information later proved to be accurate. Additionally, Officer Davila testified that he had dependably used information Johnson provided in the past that has led to many successful arrests. Therefore, the trial court properly found Whipple's arrest lawful.

{¶ 16} We next determine whether the backpack was properly searched incident to

Whipple's arrest. "The Ohio Supreme Court has previously upheld the search of a purse that a woman was carrying at the time of her arrest." *Washington* at *8, discussing *State v. Mathews*, 46 Ohio St.2d 72, 76 (1976). In *Mathews*, the court found a search valid as incident to a lawful arrest where the detective retrieved a purse a woman was carrying at the time of her arrest, set it on a nearby table, and searched its contents. *Mathews* at 73, 76. Relying on *Mathews*, the Seventh and Tenth Districts upheld similar searches of shoulder bags defendants were carrying at the time of their arrests. *See Washington* at *8-9; *State v. Sharpe*, 7th Dist. Harrison No. 99 510 CA, 2000 Ohio App. LEXIS 2964, *14-15 (June 30, 2000). The Seventh District in *Sharpe* rejected the defendant's argument that the search was not incident to his arrest because the removal of the bag from his person occurred before the search. *Sharpe* at *14-15. In so holding, the court found the search permissible because the defendant controlled the bag *at the time of the arrest* and the officer conducted the search contemporaneously with the arrest. *Id.* at *15; *see also Washington* at *9 (making same finding on analogous facts).

{¶ 17} Pursuant to the cases cited above, this court explained "the focus of [the] inquiry is whether the [item searched] was within the immediate control of the suspect *at the beginning of the encounter* with law enforcement officials and whether any delay in searching the container can be viewed as reasonable in nature." (Emphasis added.) *Henderson*, 2003-Ohio-1617 at ¶ 12-14, distinguishing *State v. Myers*, 119 Ohio App.3d 376, 381 (2d Dist.1997) (suppressing evidence where defendant did not have physical control over the purse at the time of the arrest). This result is consistent with the holdings of various federal courts. *See, e.g.*, *United States v. Nelson*, 102 F.3d 1344, 1346-47 (4th Cir.1996); *United States v. Morales*, 923 F.2d 621, 626-27 (8th Cir.1991); *United States v. Johnson*, 846 F.2d 279, 283 (5th Cir.1988); *United States v. Herrera*, 810 F.2d 989, 990 (10th Cir.1987).

{¶ 18} In the present case, the record reveals that both at the time of the offense and the time of the arrest, Whipple had physical control over the green backpack. Although not specifically stated during the motion hearing, Officer Davila removed the backpack from Whipple's person so that he could place Whipple in handcuffs. The trial court made this inference in its decision and we defer to the trial court's findings of fact when reviewing a motion to suppress. Relying on this finding, Whipple cites *Gant* and argues that the justifications underlying a search incident to arrest could not be present because he was handcuffed and the backpack was no longer on his person. However, the circumstances in *Gant* are dissimilar to the facts in this case.

{¶ 19} In *Gant*, police officers searched the defendant's automobile after handcuffing the defendant and placing him in the back of a police cruiser. *Gant*, 556 U.S. at 335. The United States Supreme Court found the search unreasonable and stated officers may search a vehicle incident to arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or if it is reasonable to believe the vehicle contains evidence of the offense of the arrest. *Id.* at 351. Moreover, the Second District in *Frazee* declined to extend the holding in *Gant* to the search of an item on an arrestee's person because "the holding in *Gant* is narrowly confined to the search of a vehicle incident to arrest." *State v. Frazee*, 2d Dist. Montgomery No. 26699, 2015-Ohio-4786, ¶ 17.

{¶ 20} Nonetheless, the outcome in this case would be no different even if we were to extend the holding in *Gant* to the search of an item on an arrestee's person. The mere fact that Whipple's backpack was removed in order to place him in handcuffs is inconsequential and the fact that the backpack was only placed a few feet away from the defendant is not unreasonable. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 186 (stating search of jacket three or four feet away likely proper under *Gant* because it was within defendant's reach at the time of the search); *Sharpe*, 2000 Ohio App. LEXIS 2964 at *15 (finding

placement of backpack a few feet away from defendant before search reasonable). To hold the placement of the backpack a few feet away unreasonable "would essentially eliminate the search incident to arrest exception to the warrant requirement in cases like this as a law enforcement officer would only be entitled to conduct a search while the arrestee maintained control of the container." *Sharpe* at *16.

{¶ 21} Therefore, based on the foregoing case law, the search of the backpack was a lawful search incident to Whipple's lawful arrest because the backpack was within Whipple's immediate control and the search was instantaneous with the arrest.

{¶ 22} Next, we turn to the reasonableness of the scope of the search. Whipple asserts that if the backpack was subject to a lawful search incident to his arrest, then, the backpack could only be searched for weapons and additional stolen merchandise. Based on this reasoning, Whipple contends that once the search revealed neither weapons nor merchandise, any additional search of containers within the backpack which would not reveal weapons or merchandise was beyond the permissible scope of the exception, and therefore, unconstitutional.

{¶ 23} However, contrary to Whipple's claim otherwise, while a lawful search incident to arrest is "based upon the need to disarm and to discover evidence, [it] does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect." *Robinson*, 414 U.S. at 235. Rather, a "custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *Id.*

{¶ 24} Based on this holding, the Court in *Robinson* concluded that a search of a cigarette pack found in an arrestee's jacket "was reasonable even though there was no concern about the loss of evidence, and the arresting officer had no specific concern that [the

arrestee] might be armed." *Riley v. California*, 134 S.Ct. 2473, 2483 (2014), citing *Robinson* at 236. Thus, the Court did not draw a line between: (1) a search of the arrestee's person or any personal property immediately associated with the person of the arrestee, and (2) a further examination of the cigarette pack found during the search. *Riley* at 2484, citing *Robinson* at 236 and *Chadwick*, 433 U.S. at 15. The Court in *Robinson* "merely noted that, '[h]aving in the course of a lawful search come upon the crumpled package of cigarettes, [the officer] was entitled to inspect it.'" *Riley* at 2484, quoting *Robinson* at 236.

{¶ 25} The facts in this case are analogous to the facts of *Robinson*. Officer Davila conducted a lawful search incident to Whipple's arrest. Whipple's backpack was the subject of the search and was immediately associated with his person at the time of his arrest. Officer Davila's search included further examination of a cigarette pack found within the backpack. Even if Officer Davila had a lack of concern about the loss of evidence or that Whipple may have been armed, the search was nonetheless reasonable pursuant to *Robinson* because it was discovered in the course of a lawful search and this court need not determine the probability that Whipple's particular arrest would have resulted in weapons or evidence. Therefore, the search conducted by Officer Davila did not exceed the permissible scope of the search incident to arrest exception.

{¶ 26} Accordingly, the state's second assignment of error is sustained. In light of our resolution of the state's second assignment of error, the state's first assignment of error is moot.

{¶ 27} The trial court's decision suppressing the evidence found in the backpack is reversed, and the matter is hereby remanded for further proceedings according to law and consistent with this court's opinion.

S. POWELL, P.J., and PIPER, J., concur.