[Cite as *State v. Evans*, 2018-Ohio-744.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105687

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEISHA EVANS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609952-A

**BEFORE:**  Stewart, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  March 1, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Christine M. Vacha
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Federal agents in California attached a GPS tracking device to a package of marijuana that had been shipped to the Cleveland area. That package found its way into a vehicle driven by defendant-appellant Keisha Evans, leading to her conviction on a single count of drug possession. In this appeal, she complains: (1) that there was insufficient evidence to show that she knowingly possessed a controlled substance; (2) that the court erred by denying her motion to suppress evidence seized in a search of her house; (3) that the court erred by ordering her to forfeit her vehicle; (4) that the court erred by refusing to allow her to call a witness; and (5) that the court erred by limiting cross-examination. We find no error and affirm.

## I. Insufficient Evidence

{¶2} Because it is potentially dispositive, we first consider Evans's argument that the state failed to present sufficient evidence of drug possession. She maintains that the state did not show that she had knowledge of the contents of the package.

{¶3} The state charged Evans with drug possession under R.C. 2925.11(A). That section states that no person shall knowingly possess marijuana in an amount exceeding 5,000 grams but is less than 20,000 grams. "Possession" in this context means "having control over a thing or substance, but [possession] may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶4} The evidence showed that federal agents in California became suspicious of two identical packages, mailed through a delivery service account to a Cleveland residence. A drug-sniffing dog alerted to the presence of drugs. The agents obtained a search warrant and opened one of the packages to discover bricks of marijuana. The federal agents coordinated with Cleveland police to send the remaining unopened package to Cleveland. A drug-sniffing dog in Cleveland alerted to the presence of marijuana in that package. Concerned that opening the package might alert its recipient, the police obtained a warrant to place a GPS tracking beacon on the package. The police conducted a controlled delivery of the package. Several vehicles later arrived at the house and the officers conducting surveillance noticed from the tracking beacon that the package had been moved throughout the house. The tracking beacon then went silent, consistent with it programming to enter "sleep" mode when not moving. Evans left the house and the beacon reactivated. Because the beacon had a 30-second delay upon exiting sleep mode, the officers concluded that Evans left with the package. A marked police car stopped Evans's vehicle. The police located the package in the rear of the vehicle. They opened the package and discovered that it contained almost 25 pounds of marijuana. The police subsequently obtained a warrant to search Evans's house. That search uncovered evidence of marijuana, scales, a vacuum sealing machine, and a coat containing $18,000 in cash wrapped in aluminum foil and plastic wrap.

{¶5} Evans testified that she had no knowledge of what the package contained; she claimed that a friend asked her to pick up and deliver the package. She admitted that she had a similar delivery for the friend about six weeks previously, and that she had been paid $500. The marijuana found in Evans's house was stored in suitcases. Evans testified that she had only lived in the house for just over a month and that she did not own the suitcases, but conceded the suitcases were not leftover from the previous tenant. With respect to the cash found in the house, Evans testified that her oldest son's father gave her the money to use as college tuition for the son. She admitted that the money had been wrapped in plastic and placed in a coat that she stored in a closet.

{¶6} Viewing these facts and all permissible inferences in favor of the state, *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 138, we conclude that the state presented sufficient evidence that Evans possessed the drugs found in her vehicle. A rational trier of fact could infer from the trial testimony that Evans picked up the package and placed it in her vehicle, a fact established when the police found the package in her vehicle. The sole question was whether she knew that the package contained drugs. The jury could rationally infer that Evans knew the package contained drugs. She had previously been paid $500 to deliver a similar package. This was such a large amount of money for such a mundane task that Evans would, or should, reasonably have understood that she was being compensated based on the contents of the package rather than the effort it took to deliver it. And when evidence of marijuana, scales that could be used to weigh drugs, a vacuum sealer that could be used to package drugs, and the large of amount of wrapped cash hidden in the coat are considered together with the amount of money that Evans had previously been paid to deliver a similar package, a strong inference arises that Evans knew the package contained marijuana.

## II. Motion to Suppress

{¶7} Following Evans's arrest, the police went to the address listed on her driver's license. It turned out that the address was not current (a different person lived there). The police found a second address listed on checks that Evans carried in her purse. They arrived at the house to find an open door. Officers entered the house to secure the premises and then waited outside until they obtained a search warrant for the premises. Evans argues that the police illegally attached a GPS tracking device to the package, they had no right to search her purse, and that they illegally entered her home.

{¶8} Beginning first with the GPS tracking device, Evans maintains that the police installed the device without first obtaining a warrant as required by the Fourth Amendment to the United States Constitution. We can summarily reject this argument because the record shows that the police did obtain a search warrant to place the GPS tracking device. *United States v. Jones*, 565 U.S. 400, 404, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012)   In any event, Evans lacked standing to challenge the placing of the GPS tracking device on the package because she was neither the sender nor addressee of the package and demonstrated no reasonable expectation of privacy in the package. *United States v. Lozano*, 623 F.3d 1055, 1063-1064 (9th Cir.2010) (O'Scannlain, J., concurring).

{¶9} The search of Evans's purse fell within well-established law that a law enforcement officer may conduct a warrantless search of both the arrestee and the area within the individual's immediate control whenever the search is incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Evans does not claim that the police lacked probable cause to arrest her for possession of drugs. Because her arrest was lawful, the police could validly search her purse. *State v. Washington*, 10th Dist. Franklin No. 00AP-663, 2001 Ohio App. LEXIS 1925 (May 1, 2001) (holding a police officer was authorized to search appellant's purse under the search incident to lawful arrest exception to the warrant requirement).

{¶10} Evans's final argument is that the police unlawfully entered her residence. The evidence showed that the police went to the address listed on Evans's driver's license, but discovered that she no longer lived there. A checkbook discovered in her purse listed a different home address. As an application for a search warrant was prepared for the new address in the checkbook, police officers responded to the new address. Claiming that the door to the residence had been open, the police entered the residence and found mail addressed to Evans. The police then made a protective sweep of the premises and secured it pending issuance of the search warrant. It was only after securing the search warrant that the police uncovered the drugs, money, and drug paraphernalia.

{¶11} The exclusionary rule states that evidence obtained in violation of the Fourth Amendment may not be introduced at trial to prove a defendant's guilt. *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 34. Even if we assume without deciding that the police had no cause to enter Evans's home, there was nothing for the court to suppress because the police did not seize any evidence at that time. The facts show that the police conducted a brief protective sweep of the house to ensure that no one was inside. It was only after the police obtained and executed the search warrant — the validity of which Evans does not dispute — that they discovered the drugs, cash, and paraphernalia that were introduced at trial.

### III. Witness Confrontation

{¶12} During cross-examination of several law enforcement officers, the court sustained objections by the state to questions touching on the validity of the search warrants. Evans complains that by sustaining the objections, the court denied her right to confront witnesses.

**{¶13}** The Confrontation Clause of the Sixth Amendment to the United States Constitution grants a criminal defendant the right to cross-examine adverse witnesses. That right does not extend, however, to irrelevant evidence. *See* Evid.R. 402 ("Evidence which is not relevant is not admissible."). The questions asked by defense counsel all related to issues that were resolved in the suppression hearing: the contents of the application for a search warrant, and what items were listed in the warrant, and how the search had been executed. These issues had been decided adversely to Evans in the suppression hearing. The court did not abuse its discretion by refusing to allow her to relitigate them at trial. *State v. Albanese*, 11th Dist. Portage No. 2005-P-0054, 2006-Ohio-4819, ¶ 57.

## IV. Forfeiture

**{¶14}** Evans complains that the court erred by ordering her to forfeit her automobile, cell phone, digital scale, and other drug paraphernalia even though these same items were the basis of a possession of criminal tools count for which she was found not guilty. We summarily reject this argument because the drug possession count properly sought forfeiture of these items as allowed by R.C. 2941.1417(A). They were instrumentalities used in the commission of a criminal offense, even if the jury had a reasonable doubt that these items had been possessed with a purpose to use them criminally. *State v. Fannin*, 8th Dist. Cuyahoga No. 79991, 2002-Ohio-6312, ¶ 84; *State v. Parks*, 8th Dist. Cuyahoga No. 90368, 2008-Ohio-4245, ¶ 26.

**{¶15}** Evans also argues that there was no evidence that she used the vehicle to facilitate the commission of drug possession. We disagree. The evidence showed that Evans used her vehicle to transport the drugs. And, as previously discussed, the state offered compelling evidence from which a rational trier of fact could conclude that Evans was more than just an innocent porter of the package. The evidence may have been circumstantial, but it nonetheless supported a jury verdict that Evans used the vehicle to facilitate the offense of drug possession. *State v. Fort*, 2014-Ohio-3412, 17 N.E.3d 1172, ¶ 20 (8th Dist.).

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR