**[Cite as *State v. Howe*, 2021-Ohio-1676.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-20-008

    Appellee                                 Trial Court No. 20CR000033

v.

Jennifer L. Howe                                 **DECISION AND JUDGMENT**

    Appellant                                Decided:  May 14, 2021

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney,
for appellee.

Adam H. Houser, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant, Jennifer Howe, appeals the judgment entered by the Fulton

County Court of Common Pleas on June 24, 2020, overruling her motion to suppress,

and, further, appeals the judgment entry of sentencing entered by the Fulton County

Common Pleas Court on August 10, 2020, which incorrectly states that appellant was

convicted on a plea of guilty. For the reasons that follow, we affirm the judgment of the trial court with respect to the motion to suppress, and remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry that accurately reflects that appellant entered a plea of no contest.

{¶ 2} Appellant sets forth the following assignments of error:

I. The Trial Court's Decision was Against the Manifest Weight of Evidence when it Denied Appellant's Motion to Suppress.

II. The Judgment Entry of Conviction of August 10, 2020 did not Comply with Criminal Rule 32(C), in that it Fails to State on Judgment Entry the Proper Plea that was Entered by the Appellant.

## Statement of the Case

{¶ 3} On March 17, 2020, appellant was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. On April 9, 2020, appellant appeared without counsel and was found indigent by the trial court. On May 15, 2020, appellant was arraigned and entered a not guilty plea, and a pretrial was set. On June 23, 2020, the trial court held a suppression hearing, and ultimately denied appellant's motion to suppress. Appellant entered a plea of no contest to the sole count of the indictment on June 23, 2020. On August 7, 2020, the trial court sentenced appellant to two years of community control, with a ten-month reserved sentence. Appellant timely filed her appeal.

2.

## Statement of the Facts

### A. Issues Related to Motion to Suppress

{¶ 4} In the early morning hours of October 17, 2019, at approximately 4:00 a.m., Deputy Joshua Rodriguez was informed by a Deputy Pennington that a woman named Jennifer Howe was sitting on the sidewalk on the west side of the Country Corral gas station on State Route 109, Delta, Fulton County. It was Deputy Rodriguez's understanding that Deputy Pennington received this information from Delta Police Department Sergeant Walker, who had gone to the Country Corral to use the facilities and to make a purchase. It was Deputy Rodriguez's further understanding that Sergeant Walter was informed by store clerks that a woman had been in the Country Corral's bathroom for quite some time, and that the clerks were concerned about the woman's welfare. Deputy Rodriguez did not know how Deputy Pennington or Sergeant Walker had come to identify the woman at issue as Ms. Howe.

{¶ 5} Upon receiving Ms. Howe's name, and prior to making contact with her, Deputy Rodriguez ran her name through his patrol car's computer system, which is connected to a law enforcement database, and discovered that she had active warrants for her arrest. Deputy Rodriguez was also able to see a driver's license photo of Ms. Howe, so he knew who he was looking for when he responded to the Country Corral.

{¶ 6} After checking his patrol car's computer system, and within five minutes of receiving the information from Deputy Pennington, Deputy Rodriguez arrived at the Country Corral. Upon his arrival, Deputy Rodriguez saw a blonde female sitting alone

3.

on the sidewalk, on the west side of the property. The woman had with her a duffle bag and a purse. When Deputy Rodriguez saw the woman's face, he recognized her as being Ms. Howe from the driver's license photo that he had seen. Deputy Rodriguez approached Ms. Howe and asked her if she was okay. She indicated that she was. During the course of this "casual conversation," Ms. Howe provided her name and verified her information for Deputy Rodriguez. Deputy Rodriguez then double-checked the information with dispatch, who verified that Ms. Howe had outstanding warrants. At that point, Ms. Howe was taken into custody.

{¶ 7} Deputy Rodriguez conducted a pat down for weapons and Ms. Howe was placed in the back of his patrol car. At that point, Deputy Rodriguez and Deputy Pennington—who had recently arrived on the scene—searched Ms. Howe's bags. As the search was being conducted, Ms. Howe stated that she had marijuana and instruments that are used to smoke marijuana in a baggie that she thought was in the zipper portion of her purse. When the deputies looked there and nothing was found, Ms. Howe provided that they might be inside of the purse. The deputies looked inside of the purse and found a tin containing a substance that they suspected was methamphetamine. Ms. Howe confirmed that the substance was crystal meth, but claimed that it belonged to her boyfriend. Deputy Rodriguez initially testified that Ms. Howe had been *Mirandized* prior to making the statement identifying the substance found as crystal meth and before claiming that it belonged to her boyfriend, but he later made clear that he could not recall exactly when he provided Ms. Howe with *Miranda* warnings. He further made clear that,

4.

regardless of Ms. Howe's statements and whether they were provided prior to Ms. Howe being *Mirandized*, he would have searched Ms. Howe's purse and duffle bag incident to the arrest on the warrants, as required by the department's policy.

{¶ 8} At the conclusion of the hearing, the trial judge found that Deputy Rodriguez's testimony was credible and overruled the motion to suppress. Thereafter, the trial judge issued a written judgment entry, which provided:

> The Court does not believe that the search constituted a violation of the Defendant's 4th and 14th amendment rights. The initial purpose of the investigation was for a welfare check -- certainly within the province of appropriate and necessary exercise of the legitimate power. After the deputy was made aware of the warrants, he was obligated to arrest the Defendant and the subsequent search was within exceptions to the warrant requirements.

### B. Issues Related to Appellant's Plea

{¶ 9} On June 23, 2020, appellant entered into a no contest plea that contained a consent to a finding of guilt, a stipulation to a factual basis for the charge, and a waiver of the recitation of facts on the record. The August 10, 2020 judgment entry of sentencing, however, incorrectly stated that "* * * Defendant has been convicted upon a plea of guilty * * *."

5.

**Analysis**

{¶ 10} Appellant argues in her first assignment of error that the trial court's decision was against the manifest weight of the evidence when it denied appellant's motion to suppress. This court, in *State v. Ruffer*, 6th Dist. Fulton No. F-11-007, 2012-Ohio-4491, articulated the applicable standard of review for a trial court's denial of a motion to suppress, as follows:

> Review of a trial court's denial of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972." *Id.* An appellate court defers to a trial court's factual findings made with respect to its ruling on a motion to suppress where the findings are supported by competent, credible evidence. *Id.*; *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). "[T]he appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539." *State v. Burnside* at ¶ 8.

*Id.* at ¶ 5.

6.

{¶ 11} In the instant case, the trial court specifically determined that although the "initial purpose of the investigation was for a welfare check," "[a]fter the deputy was made aware of the warrants, he was obligated to arrest [appellant] and the subsequent search was within exceptions to the warrant requirements." Thus, it was the conclusion of the trial court that the search in this case was incident to appellant's arrest on the outstanding warrants.

{¶ 12} The search incident to arrest exception to the warrant requirement "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Therefore, a law enforcement officer who has made a lawful arrest may conduct a warrantless search of the arrestee's person and of the area within the arrestee's immediate control, which includes "the area from within which he might gain possession of a weapon or destructible evidence." *Gant*, 556 U.S. at 339 (internal quotations and citations omitted).

{¶ 13} The Ohio Supreme Court has recognized that "the right to search incident to arrest exists even if the item is no longer accessible to the arrestee at the time of the search[;] [a]s long as the arrestee has the item within his immediate control near the time of the arrest, the item can be searched." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 183. There are numerous examples where Ohio courts have held that a purse or a backpack that is within the immediate control of an arrestee is subject to a search incident to the arrest. *See*, *e.g.*, *State v. Mathews*, 46 Ohio St.2d 72, 76, 346

7.

N.E.2d 151 (1976) (upholding search of a purse that an arrestee was carrying at the time of her arrest); *State v. Evans*, 8th Dist. Cuyahoga No. 105687, 2018-Ohio-744, ¶ 9 ("The search of [the arrestee's] purse fell within well-established law that a law enforcement officer may conduct a warrantless search of both the arrestee and the area within the individual's immediate control whenever the search is incident to a lawful arrest."); *State v. Washington*, 10th Dist. Franklin No. 00AP-663, 2001 WL 436062 (May 1, 2001) (upholding the search of a purse that the arrestee was in control of at the time of her arrest, with the search having been conducted contemporaneously with the arrest, even where the search took place after the arrestee was seized and placed in the police cruiser); *State v. Whipple*, 12th Dist. Clermont No. CA2016-06-036, 2017-Ohio-1094 (the search of the arrestee's backpack was a lawful search incident to arrest even though the arresting officer searched the backpack after it had been removed from the arrestee's person, since the arrestee was in control of the backpack at the time of his arrest and the search was conducted contemporaneously with the arrest).

{¶ 14} Here, the facts of this case are simple and straightforward. Deputy Rodriguez arrived at the Country Corral and found appellant, whom he knew to have outstanding arrest warrants, sitting on the sidewalk with several bags in her possession. Appellant was arrested on those warrants, and the bags that she was sitting with were searched incident to that arrest. These facts, as found by the trial court, are supported by competent, credible evidence. *See Ruffer* at ¶ 5. In addition, the trial court's decision to overrule appellant's motion to suppress on the basis of these facts was supported by the

8.

applicable law. *Id.* Accordingly, appellant's first assignment of error is found not well-taken.

{¶ 15} Appellant argues in her second assignment of error that the August 10, 2020 judgment entry of conviction does not comply with Crim.R. 32(C), in that it fails to state the proper plea that was entered into by appellant. The applicable version of Crim.R. 32(C) relevantly provides as follows:

> **(C) Judgment.**
>
> A judgment of conviction shall set forth the *fact of conviction* and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

*Id.* (Emphasis added.) The Staff Notes for an amendment that was made in 2013 explain the meaning of the change as follows:

> Rule 32(C) sets forth the four essential elements required for a judgment of conviction as defined by the Supreme Court of Ohio. See *State v. Lester*, 2011-Ohio-5204. The previous rule arguably required the judgment to specify the specific *manner of conviction*, e.g., plea, verdict, or findings upon which the conviction is based. The amendment to the rule allows, but does not require, the judgment to specify the specific manner of conviction. When a judgment of conviction reflects the four substantive provisions, as set forth by the Supreme Court of Ohio, it is a final order subject to appeal.

9.

*Id.* (Emphasis added.) Thus, under the current version of Crim.R. 32(C), a judgment entry of conviction is proper if it is in writing, is signed by the judge, is entered on the journal, and sets forth the fact of conviction and the sentence imposed. There is no longer any requirement that the judgment entry specify the specific manner of conviction.

{¶ 16} That said, the law is well-settled that a trial court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. "[A] trial court may correct clerical errors at any time in order to conform to the transcript of the proceedings." *State v. Adhikari*, 8th Dist. No. 103935, 2017-Ohio-460, ¶ 63. Further, "[t]rial courts retain continuing jurisdiction to correct clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *Id.* Therefore, we find appellant's second assignment of error to be well-taken, and we remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry that accurately reflects the fact that appellant entered a plea of no contest, and not a plea of guilty.

{¶ 17} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed and this case is remanded for proceedings consistent with this decision. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, P.J. _____

_____

Myron C. Duhart, J. _____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.