[Cite as *State v. Haas*, 2021-Ohio-2864.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee                         Court of Appeals Nos. L-20-1197
                                                                                    L-20-1201
        Appellee

                                                                  Trial Court Nos. 20CRB00385-A
v.

David Haas                                                  **DECISION AND JUDGMENT**

        Appellant                                          Decided: August 20, 2021

* * * * *

Martha Schultes, Prosecuting Attorney.

David Haas, pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** This is a delayed, consolidated and an accelerated appeal filed by appellant,

David Haas, from the August 19, 2020 judgment of the Maumee Municipal Court. For

the reasons that follow, we affirm.

{¶ 2} Appellant sets forth one assignment of error:

The trial court was unreasonable in ordering that appellant have no contact with Maumee because the order is overly broad and would infringe on constitutionally protected action.

## Background

{¶ 3} On May 19, 2020, a complaint was filed against appellant in Maumee Municipal Court, case No. 20CRB00332, charging him with telecommunication harassment in violation of R.C. 2917.21(A)(5), a first-degree misdemeanor. The complaint alleged appellant "[d]id continue to call City of Maumee offices and employees after being told to stop both verbally and by certified letter."

{¶ 4} On June 8, 2020, a complaint was filed against appellant in Maumee Municipal Court, case No. 20CRB00385, charging him with telecommunication harassment in violation of R.C. 2917.21, a first-degree misdemeanor. The complaint alleged that appellant "[a]fter receiving notification from Acting Law Director prohibiting contact with City employees, called * * * [a]n employee in [the] Prosecutor's Office."

{¶ 5} On June 22, 2020, an arraignment hearing was held on both cases, and appellant, via counsel, entered not guilty pleas to both charges. The judge set "a personal recognizance bond with a no contact order with the City of Maumee or any of its offices" for each charge. Appellant executed an "Own Recognizance Bond Form and Release

2.

Agreement" for each case. On each form, appellant was ordered to abide by certain conditions including "[n]o contact with Maumee Court" and/or Maumee offices.

{¶ 6} On August 19, 2020, a pretrial conference was held, at which appellant was represented by counsel. The prosecutor stated on the record:

> It's further agreed between the State and defense counsel that [appellant] will be placed on a period of inactive probation for one year, that he is not to come into this building or have any contact with anyone within the building which encompasses the Court, the Clerk of Courts as well as the City of Maumee administrative offices on the second floor.

The court asked appellant and his counsel if that was their understanding; both counsel and appellant indicated it was. Appellant then entered a no contest plea, in case No. 20CRB00385, to the amended charge of criminal mischief in violation of R.C. 2909.07(A)(1), a third-degree misdemeanor. A finding of guilt was made. Case No. 20CRB00332 was dismissed, without costs. At sentencing that same day, appellant was informed that he was "to have no contact with Maumee Municipal Court or city, no phone calls." Appellant acknowledged that he understood.

{¶ 7} In the August 19, 2020 judgment entry for case No. 20CRB00385, under the section entitled "Jail," it states, in pertinent part: "60 Days at the Corrections Center of NW OH, 60 Days of are suspended[.]" In the section entitled "Probation Period 1 Years and Conditions," it states, in relevant part: "X Other: No contact w/ City of Maumee Staff & Maumee Ct[.] Staff[,] Inactive Prob." Appellant filed a delayed appeal.

3.

**Assignment of Error**

{¶ 8} Appellant argues the trial court acted unreasonably in issuing a no contact order which was overly broad and constitutionally impermissible. Appellant asserts the trial court's broad, sweeping order, made at appellant's sentencing, infringes on his right to speak freely. Appellant submits "perhaps a more narrowly crafted mandate" would not infringe on his rights, but the order as it stands, will subject him to arrest and charges if he directs symbolic or natural speech to Maumee or its employees, and could result in a restraint on his liberty. In support of his arguments, appellant cites to the First Amendment to the U.S. Constitution, the Ohio Constitution, Article I, and several cases. Appellant seeks to have the August 19, 2020 judgment reversed, and allow the trial court to fashion a constitutionally permissible mandate.

{¶ 9} The state counters the parameters of the trial court's order do not infringe on appellant's rights to travel through the city or conduct business within the city's boundaries. The state observes the "Judgment Entry from the Court filed August 19, 2020 ordered Appellant to a probation period of 1 year with the condition of 'No Contact with the City of Maumee *staff* and Maumee Court *staff*.'" The state maintains "[t]here is nothing preventing Appellant from doing business with the Courts and the City via an attorney." The state further contends appellant has received multiple charges of telephone harassment before and after the June 8, 2020 incident.

4.

## Analysis

{¶ 10} At the outset, we note appellant has characterized his assigned error as having a constitutional basis, when, in fact, he is challenging the trial court's sentence and the conditions of his probation. "'It is well settled that [appellate courts] will not reach constitutional issues unless absolutely necessary.'" *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, 93 N.E.3d 937, ¶ 7, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. Therefore, an appellate court "should avoid reaching a constitutional question when 'other issues are apparent in the record which will dispose of the case on its merits.'" *In re D.S.* at ¶ 7, quoting *Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212, 215 N.E.2d 403 (1966). As such, we will only address the matter of the trial court's sentence.

{¶ 11} "[T]he law is well-settled that a trial court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12." *State v. Howe*, 6th Dist. Fulton No. F-20-008, 2021-Ohio-1676, ¶ 16. When devising a misdemeanor sentence which is appropriate for the offender, a trial court has broad discretion. R.C. 2929.22(A). The court "shall be guided by the overriding purposes of misdemeanor sentencing [which] * * * are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). In order to "achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and

5.

making restitution to the victim of the offense, the public, or the victim and the public." *Id.*

{¶ 12} We review the trial court's imposition of a misdemeanor sentence for an abuse of discretion. *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus. A court does not abuse its discretion if the "sentence imposed is within the limits authorized by the applicable ordinance and statutes." *Id.* An abuse of discretion means the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Here, the record shows appellant was sentenced to, inter alia, probation for a term of one year, which included the conditions that he have no contact with city of Maumee staff and Maumee Municipal Court staff. This was the sentence agreed upon between the state and appellant, as a result of plea negotiations. The sentence was imposed after appellant accepted a plea offer wherein he agreed not to have contact with anyone in the Maumee court, clerk of courts and city administrative offices, and the state amended the charge from telecommunication harassment, a first-degree misdemeanor, to criminal mischief, a third-degree misdemeanor.

{¶ 14} Based on the record and the applicable law, we find appellant's misdemeanor sentence, specifically the no contact provision of his probation, is within the limits authorized by the applicable ordinance and statute. We further find that under the circumstances, the no contact provision is reasonable in scope and length, as it

6.

protects the staff of the city of Maumee and Maumee Municipal Court from future telecommunication harassment by appellant, and it punishes appellant.

{¶ 15} While we are aware that appellant suggested a more narrowly crafted mandate could have been implemented, we find the trial court's no contact provision, as a condition of appellant's probation, is not overly broad nor is it unlawful. In addition, it is a condition to which appellant agreed when he entered his no contest plea. We therefore conclude the trial court's attitude was not arbitrary, unconscionable or inappropriate, and the trial court did not abuse its discretion in imposing appellant's sentence. Accordingly, appellant's assignment of error is not well-taken.

{¶ 16} The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                JUDGE
Gene A. Zmuda, P.J.          

                                      _____
Myron C. Duhart, J.                          JUDGE
CONCUR.

                                      _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.