[Cite as *State v. Dejesus*, 2023-Ohio-4164.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No.  S-22-027

      Appellee                                     Trial Court No.  21CR192

v.

Francisco Otero Dejesus                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  November 17, 2023

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Mary Catherine Corrigan, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Francisco Otero Dejesus, appeals from the judgment of the
Sandusky County Court of Common Pleas, sentencing him to an indefinite prison term of
11 to 16.5 years following his guilty plea to the offense of rape.  For the reasons that
follow, the trial court's judgment is affirmed.

## Statement of the Case and of the Facts

{¶ 2} On February 2, 2021, appellant, who was acting in loco parentis of his 10-year-old granddaughter, C.P., was accused by C.P. of touching her vagina with his fingers and of inserting his penis into her vagina.

{¶ 3} On March 19, 2021, appellant was charged by indictment with one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, as well as two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), each felonies of the third degree.  R.C. 2907.02(A)(1)(b) provides, in pertinent part:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶ 4} At a plea hearing held on September 9, 2022, appellant withdrew his prior plea of not guilty and entered a plea of guilty to rape, as charged in the indictment pursuant to R.C. 2907.02(A)(1)(b), and the state agreed to dismiss the remaining counts at sentencing.  Pursuant to R.C. 2907.02(B), "an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code."  There is no provision, within R.C. 2907.02, for a

2.

specification based on the age of the victim, with the exception of a victim under the age of 10:

> [I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, except as otherwise provided in this division, the court may impose upon the offender a term of life without parole.

{¶ 5} At the plea hearing, the state recited the terms of appellant's plea, beginning with a summary of the indictment. The state *characterized* the age element within R.C. 2907.02(A)(1)(b) as a specification, stating:

> Your Honor, as the Court's aware, the Defendant was indicted on a three-count Indictment alleging rape with the specification that the victim was under a certain age *making it a life rape*, as well as two counts of Gross Sexual Imposition alleging alternate theories of sexual imposition all arising out of the same incident of conduct.

> It's my understanding that the Defendant is prepared today. The State is amenable to removing the life specification, essentially, not asserting the age of the victim. He'll be admitting to that rape to – of the young lady, though, today before the Court. In exchange for that plea, the

3.

State will be dismissing the two alternate counts, the Gross Sexual

Imposition at the time of sentencing.

(Emphasis added.)

{¶ 6} The trial court asked appellant whether he understood that he was entering a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b). The trial court then went on to explain the minimum and maximum sentences for a felony of the first degree, explaining that appellant faced a potential prison sentence of three to 11 years for the minimum term, with a potential maximum of 16-and-a-half years as an indefinite term. The trial court explained:

The minimum term that would be imposed could be from within that range of three to 11, and then whatever that minimum term is, it would be a maximum of half of whatever that minimum term is.

{¶ 7} At the sentencing hearing on November 14, 2022, the trial court addressed the information contained with the presentence investigation, and the state recited the facts that it would have proven at trial, as follows:

As the Court's aware, the victim in this case, [C.P.], was 10-years-old at the time of this incident, and this was originally indicted with a life specification. The parties, days before trial, were able to reach an agreement that was satisfactory to the victim, who, obviously, as Ms. Ward indicated, is struggling to form words relative to what the impact of this

offense has had on her. It's now a few years post the incident, and she's attempting to move on, but *that we did remove the life spec and the removal that she's under 13 years of age at the time.*

With that in mind, the State would be asking this Court, based on the Pre-Sentence Investigation, the nature of the offense, and the principles and purposes of sentencing to sentence Mr. DeJesus to the maximum of 11 years, mandatory time.

(Emphasis in original.) Appellant's trial counsel, likewise, noted that the state removed "the life tail."

{¶ 8} The trial court proceeded to impose a definite prison term of 11 years, with an indefinite, additional term of five-and-a-half years, and informed appellant he would be classified as a Tier III sex offender, with notification requirements. This sentence was the sentence mandated for the offense of rape pursuant to R.C. 2907.02(A)(1)(b), where, as here, the victim was not under ten-years-old, therefore, no age-related specifications applied. It also reflected the intention of the parties to sentence appellant based on a single offense, a felony of the first degree.

{¶ 9} The sentencing entry specified that appellant entered a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b), and this conformed to the record of the proceedings.

5.

**Assignments of Error**

{¶ 10} Appellant asserts the following assignments of error on appeal:

I. The trial court's sentence was contrary to law.

II. The sentencing journal entry of November 14, 2022 was not supported by the record.

III. The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

**Analysis**

**The trial court's sentence was not contrary to law.**

{¶ 11} Appellant argues in his first assignment of error that that his sentence is contrary to law -- and, more specifically, that a maximum sentence was inappropriate -- "because although the Trial Court indicated that it took into account ORC 2929.11 and ORC 2929.12, the record supports that recidivism is unlikely and that absent a statement from the victim, it cannot be found that this was the most serious form of the offense." Appellant points out that his criminal history is "minimal," and that he had "largely lived a law abiding life."

{¶ 12} R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of

6.

section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" (R.C. 2953.08(G)(2)(a)); or (2) "the sentence is otherwise contrary to law." (R.C. 2953.08(G)(2)(b)).

{¶ 13} This court, in *State v. Goode*, 6th Dist. Sandusky No. S-22-012, 2023-Ohio-863, ¶ 13, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, 41-42, found that "under *State v. Jones*, we may not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may we modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes."  Appellant's first assignment of error clearly sets forth a challenge to the trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12.  Therefore, consistent with *Goode* and *Jones*, we find appellant's first assignment of error not well-taken.

**The November 15, 2022 Uniform Sentencing Entry is not supported by the record.**

{¶ 14} In his second assignment of error, appellant argues that the sentencing entry contains error, as it "indicates that the Appellant plead guilty to the rape of a victim under the age of thirteen (13), while the State specifically indicated that they were removing the age of the victim, and the Trial Court sentenced as though the age of the victim had been removed."  In response, the state argues that appellant entered a guilty plea to rape in violation of R.C. 2907.02(A)(1)(b), which contains the age of the victim,

7.

but was not sentenced based on the age of the victim. The state does not otherwise challenge the sentence imposed by the trial court.

{¶ 15} The only remedy sought by appellant is remand and a nunc pro tunc entry to correct the statutory section under which appellant was charged and entered his plea, based on the authority of *State v. Howe,* 6th Dist. Fulton No. F-20-008, 2021-Ohio-1676. In that case, however, Howe entered a no contest plea but the trial court erroneously designated the manner of conviction in the entry as a guilty plea. *Howe* at ¶ 15. Howe challenged the error under Crim.R. 32(C), which we noted no longer required "that the judgment entry specify the specific manner of conviction" after recent amendment to Rule. *Id.* Nevertheless, we remanded the matter for correction of the clerical error "in order to conform to the transcript of the proceedings." *Id.* at ¶ 16, quoting *State v. Adhikari,* 8th Dist. Cuyahoga No. 103935, 2017-Ohio-460, ¶ 63.

{¶ 16} In this case, the entry specified that appellant entered a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(b), and this conformed to the record of the proceedings. Despite the prosecutor's isolated comment that "we did remove that she's under 13 years of age at the time" and his repeated statements that the state intended to remove "the life tail", there is nothing in the record demonstrating that appellant entered his plea to any offense other than rape under R.C. 2907.02(A)(1)(b), which does not mandate "life tail." Thus, there was no error. Secondly, the entry reflects what was done in the trial court, and any change would be substantive, and not clerical.

8.

*See State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1996) ("*nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.") (citations omitted).  This basis, alone, necessitates rejecting the error claimed by appellant, as the record demonstrates that the amendment sought by appellant is substantive, and not clerical in nature.  A nunc pro tunc entry may not be entered as requested.  The second assignment of error is, therefore, found not well-taken.[1]

---

[1] Throughout the trial court proceedings, appellant was mistakenly informed that the rape charge pursuant to R.C. 2907.02(A)(1)(b) subjected him to a possible term of life imprisonment.  As indicated above, because his victim was not under 10-years-old, life in prison was not, in fact, a sentence that he faced. *See* R.C. 2907.02(B).  The repeatedly-delivered misinformation leads us to question whether appellant's plea was knowingly, intelligently, and voluntarily made.  That said, we recognize that "'courts should not raise constitutional issues sua sponte.'" *State v. Dotson*, 4th Dist. Adams No. 19CA1089, 2019-Ohio-4045, ¶ 23, quoting *First Merchants Bank v. Gower*, 2d Dist. Darke No. 2011-CA-11, 2012-Ohio-833, ¶ 18; *see also State v. Graham*, 6th Dist. Wood No. WD-18-021, 2019-Ohio-1485, ¶ 23 ("Because the separation of powers issue was not raised by the parties, the trial court should not have passed upon the issue sua sponte."); *State v. Parker*, 8th Dist. Cuyahoga No. 105361, 2018-Ohio-579, ¶ 47 (declining to sua sponte consider the validity of the defendant's plea).  "By sua sponte raising a constitutional issue, the court improperly becomes an advocate for one of the parties contrary to its role as arbiter." *Dotson* at ¶ 23, citing *Graham* at ¶ 23. Despite our concern about the voluntariness of the plea, because the issue was not raised by the appellant, and because reversal could potentially prejudice appellant or the state, we will give this matter no further consideration.

9.

**The trial court did not err in imposing a sentence pursuant to the Reagan Tokes Act.**

{¶ 17} Appellant argues that the Reagan Tokes Law ("RTL") is unconstitutional because it violates his constitutional right to a trial by jury, and because it violates principals of separation of powers and due process. The Ohio Supreme Court, in *State v. Hacker*, -- Ohio St.3d --, 2023-Ohio-2535, -- N.E.3d --, has recently rejected similar challenges, concluding that the RTL does not violate the separation of powers doctrine, does not violate the right to a jury trial, is not void for vagueness, and, on its face, does not violate due process. In light of this ruling, together with the fact that appellant's arguments do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the court in *Hacker*, we find appellant's third assignment of error not well-taken. *See State v. Hubbard*, 8th Dist. Cuyahoga No. 111939, 2023-Ohio-3468.

### Conclusion

{¶ 18} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.